Filed 9/21/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re BABY GIRL M., A Person Coming Under the Juvenile Court Law. | B311176 |
| _____ | (Los Angeles County Super. Ct. No. 20CCJP06535A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| K.M., JR., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, D. Brett Bianco, Judge. Dismissed.

Elena S. Min, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, Kimberly Roura, Senior Deputy County Counsel, and Stephen Watson, Deputy County Counsel, for Plaintiff and Respondent.

K.M., Jr. (Father) appeals from juvenile dependency jurisdiction and disposition orders concerning his daughter, Baby Girl M. (Daughter). The jurisdiction finding was predicated on evidence of domestic violence between Father and J.P. (Mother), Daughter's positive marijuana test at birth, and Mother's history of substance abuse and recent abuse of marijuana. The juvenile court removed Daughter from her parents' custody; ordered Daughter suitably placed; denied Mother reunification services pursuant to Welfare and Institutions Code section 361.5, subdivisions (b)(10)-(11); and granted reunification services for Father.

Father appealed the jurisdiction findings and disposition order. The sole issue raised in his opening brief was whether the Los Angeles County Department of Children and Family Services (the Department) complied with its obligations under the Indian Child Welfare Act (ICWA) and related California law. Specifically, Father argued the juvenile court did not ask him, at his first appearance in the case, whether Daughter was an Indian child under ICWA and the Department did not follow up on Father's assertion on an Indian heritage questionnaire (an "ICWA-20" form) that his grandmother was a member of a federally recognized Indian tribe. Father complained the Department did not contact any extended family members about ICWA issues and he specifically faulted the Department for not making an inquiry of his father and his grandmother.

After Father filed his opening brief, the parties submitted a "Joint Application and Stipulation for Remand to the Superior Court" to this court. The Department conceded in the joint application that Father's ICWA contentions were "well taken." Citing *In re Brooke C.* (2005) 127 Cal.App.4th 377, however, the

2

parties recognized some courts have held there is no need to reverse juvenile court orders to undertake proper ICWA inquiry (and, where necessary, notice) because, in the parties' words, "[Daughter] is not in a permanent plan of any kind and, in particular, parental rights have not been terminated." The parties therefore asked this court to remand the matter to the juvenile court—without reversing or affirming any juvenile court order—and to direct the juvenile court to order the Department to investigate Father's assertion of Indian heritage.

This court issued an order rejecting the parties' joint stipulation for remand. The order recognized the parties' stipulation did not seek affirmance or reversal of the juvenile court order from which the appeal was noticed and instead sought a remand to the juvenile court with directions to order the Department to comply with the requirements of ICWA and related California law. The order invited the parties to address two issues in their respondent's and reply briefs: "(1) whether this court may remand a matter to the juvenile court without affirming or reversing, even conditionally, an appealed order— and whether such a disposition would constitute an advisory opinion; and (2) whether the appeal is now moot because [the Department] has undertaken the ICWA investigation and, if necessary, notice that [the Department] stipulates is required in this case."

The Department's respondent's brief conceded it had not undertaken an appropriate ICWA inquiry at the time of the juvenile court's jurisdiction and disposition orders. But the Department contended the appeal was moot because, in the interim, it was "already engaged in the further inquiry that was lacking in this case." Specifically, a report filed in the juvenile

3

court (of which this court took judicial notice) stated the Department had interviewed Father, interviewed Father's father (who reported his mother, i.e., Father's grandmother, was a member of the Cherokee tribe), and learned Father's grandmother was deceased. The Department's report also indicated the Department had contacted Cherokee tribes regarding the family's ICWA status, and a minute order for a later juvenile court hearing indicates the court did not at that time find Daughter was an Indian child but ordered the parties to keep the court apprised of any new information, including any responses from the Cherokee tribes.

The Department's respondent's brief maintained that if the matter were not dismissed as moot, this court could conditionally affirm the jurisdiction and disposition orders or remand the matter with directions even without affirming or reversing those orders because "a bare remand does not constitute an advisory opinion."

Father's reply brief emphasized the Department acknowledged it "failed to fulfill its further inquiry obligations as of the date of the disposition hearing" because it had not by then "made any inquiry of the paternal grandfather or any attempt to contact the paternal great-grandmother." Father additionally disputed the appeal was moot, arguing the Department delayed too long "in conducting the requisite further inquiry" and the inquiry it did conduct was not adequate (a) because there was no evidence the Department interviewed other extended family members to see if they had additional information about Father's grandmother and (b) because the Department's reports were insufficiently specific about what tribes the Department

4

contacted and what information it provided during those contacts.[1]

Two courts have recently held—in appeals from orders terminating parental rights—that additional ICWA-related inquiry or notice efforts by a juvenile court or child welfare agency while a case is on appeal will not moot deficiencies in an ICWA inquiry at the time a notice of appeal is filed. (*In re E.V.* (2022) 80 Cal.App.5th 691; *In re M.B.* (2022) 80 Cal.App.5th 617; but see *In re Allison B.* (2022) 79 Cal.App.5th 214 [appeal moot in light of additional ICWA investigation during pendency of the appeal].) Whatever the merits of these opinions, they do not concern the procedural posture here: an ICWA appeal at the jurisdiction and disposition stage where there will necessarily be further dependency proceedings in the juvenile court (at which continuing ICWA duties apply) and a basis for later appeal if for some reason the remedial ICWA investigation the Department is now undertaking falls short in Father's view.

Put differently, all we could order in resolving this appeal is that the Department and juvenile court fulfill their inquiry and notice obligations under ICWA and related California law. Because that is what the Department is already doing, and because we are not in a position to micromanage that process in *this* appeal (detailing, for instance, all those who must be interviewed, what they must be asked, and what must be included in any notice to tribes that is required), there is no effective relief we can now provide. The juvenile court must

---

[1] Father did not address the propriety of the parties' initial stipulation for a remand to the juvenile court without affirming or reversing the order from which he appealed.

direct that process, at least in the first instance.  This appeal is moot.[2]  (See, e.g., *In re N.S.* (2016) 245 Cal.App.4th 53, 60 ["[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error"].)

[2]      The First District Court of Appeal has analyzed the issue presented here in similar fashion, though affirming (apparently on harmlessness grounds) rather than dismissing as moot.  (*In re S.H.* (2022) 82 Cal.App.5th 166, 177-180.)  The Fourth District Court of Appeal has also affirmed in a case in an analogous procedural posture, though that court concluded it should vacate the juvenile court's finding that ICWA did not apply.  (*In re Dominick D.* (Aug. 23, 2022, E078370) ___ Cal.App.5th ___ [2022 WL 3592461].)  We see no need to order any ICWA findings vacated because ICWA-related obligations are continuing duties; that means earlier ICWA-related findings are subject to change and no order vacating an earlier finding is necessary here.

6

DISPOSITION

The appeal is dismissed.

**CERTIFIED FOR PUBLICATION**

BAKER, J.

We concur:

RUBIN, P. J.

MOOR, J.